Filed 1/7/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 848, et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CITY OF MONTEREY PARK, <br><br> Defendant and Respondent; <br><br> FIRST TRANSIT, INC., <br><br> Real Party in Interest and Respondent. | B282971 <br><br> (Los Angeles County Super. Ct. No. BS159367) |

APPEAL from a judgment and an order of the Superior Court of Los Angeles County, Amy D. Hogue, Judge. Reversed and remanded with directions.

Bush Gottlieb, David E. Ahdoot, Kirk M. Prestegard, Julie Gutman Dickinson and Ira L. Gottlieb for Plaintiffs and Appellants.

Reed Smith, Jesse L. Miller, James M. Neudecker and Dennis Peter Maio for Defendant and Respondent and for Real Party in Interest and Respondent.

———————————————————

# INTRODUCTION

The City of Monterey Park contracts with private companies to operate its municipal bus system. The City conducted a bid on the contract and gave MV Transportation, the incumbent contractor, a preference under Labor Code section 1072,[1] which requires a public agency conducting a bid for a public transit service contract to give a 10-percent bidding preference to a contractor that, in its bid, agrees to retain the employees of the prior contractor for at least 90 days. The City also gave a 10-percent preference under section 1072 to First Transit, even though First Transit did not state in its bid it would retain the employees of MV Transportation for at least 90 days. The City awarded the contract to First Transit.

Three employees of MV Transportation and their union filed a petition for a writ of mandate and a complaint for declaratory relief, alleging the City breached its duty under section 1072 to award the bidding preference only to contractors who declare in their bids they will retain existing employees for at least 90 days. The trial court found there was no such duty under the statute, sustained the City's demurrer to the petition and complaint without leave to amend, and entered judgment in favor of the City.

This appeal raises the issue whether the words "shall declare as part of the bid" in section 1072, subdivision (a), mean the bidder must state in its bid whether it will retain the employees of the prior contractor for 90 days. It also raises the issue whether, if the public agency (or "awarding authority") gives the statutory preference to bidders who do not agree in

---

[1]     Undesignated statutory references are to the Labor Code.

their bids to retain the employees of the prior contractor for at least 90 days, a bidder who makes the commitment is really getting a statutory preference. We answer these questions yes and no, respectively, and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations of the operative second amended petition for writ of mandate and complaint for declaratory relief, which on demurrer we accept as true (*Heckart v. A-1 Self Storage, Inc.* (2018) 4 Cal.5th 749, 753), International Brotherhood of Teamsters, Local 848, represented employees of MV Transportation, which operated the City's fixed-route bus system. Jose Baza, Ruth Villafuerte, and Isabel Martin were employed by MV Transportation as bus operators. When the City solicited new bids for the bus system contract, MV Transportation and First Transit were two of three bidders. MV Transportation stated in its bid it would retain existing employees for at least 90 days, and the City awarded MV Transportation a 10-percent bidding preference under section 1072. First Transit did not state in its bid whether it would retain existing employees for at least 90 days. The City nevertheless awarded First Transit a 10-percent bidding preference under section 1072.

International Brotherhood of Teamsters, Local 848, Baza, Villafuerte, and Martin (collectively, the Union) filed a petition for writ of mandate and complaint for declaratory relief against the City and First Transit. The Union alleged the City violated its mandatory duties under section 1072 when it awarded First Transit a 10-percent preference. The Union sought a peremptory

3

writ of mandate ordering the City to rescind or set aside the contract with First Transit and to either issue a new request for bids or reevaluate the bids previously submitted. In its declaratory relief cause of action, the Union sought declarations that (1) compliance with section 1072 "requires a clear declaratory statement in any bid, which sets forth whether or not the bidder will retain the employees," and "a substantiated factual determination by the awarding authority that any bidder granted the [s]ection 1072 [p]reference has affirmatively declared in its bid that it agrees to retain the employees of the prior contractor for a period of not less than 90 days"; (2) because First Transit failed to comply with section 1072, subdivision (a), its proposal was void and First Transit was disqualified; and (3) because the City failed to comply with section 1072, subdivision (b), its contract with First Transit "shall be rescinded and without legal effect."

The City demurred, and the trial court sustained the demurer without leave to amend. The court concluded the City had discretion to award the 10-percent bidding preference under section 1072 to a contractor who did not declare in the bid it would retain qualified existing employees for at least 90 days. The trial court ruled: "A bidder who fails to state in its bid that it will retain prior employees may nevertheless communicate to the City its willingness to retain some or all of the employees of the prior contractor or subcontractor. In such a situation, the City has discretion as to whether or not it will confer a 10 [percent] preference." The trial court entered judgment in favor of the City, and the Union timely appealed.

4

# DISCUSSION

## A. *Standard of Review*

"On review from an order sustaining a demurrer, 'we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose.'" (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42; see *SJJC Aviation Services, LLC v. City of San Jose* (2017) 12 Cal.App.5th 1043, 1051 ["[w]e review the petition and complaint de novo 'to determine whether it alleges facts stating a cause of action under any legal theory'"]; *Jones v. Omnitrans* (2004) 125 Cal.App.4th 273, 277 ["[o]n appeal from a dismissal entered after an order sustaining a demurrer to a petition for writ of mandate, we review the order de novo, determining independently whether the petition states a cause of action as a matter of law"].) "We deem to be true all material facts that were properly pled, as well as all facts that may be inferred from those expressly alleged." (*Jones,* at p. 277.) "'"[I]t is error for a . . . court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory."'" (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1201; see *SJJC Aviation Services*, at p. 1051 ["[o]ur review is governed by settled standards, which apply equally whether a demurrer challenges a complaint or a petition"]; *Jones*, at p. 277 [demurrer to a petition for writ of mandate].)

## B. *The Bidding Preference Under Section 1072*

Section 1072, subdivision (a), states: "A bidder shall declare as part of the bid for a service contract whether or not the

5

bidder will retain the employees of the prior contractor or subcontractor for a period of not less than 90 days, as provided in this chapter, if awarded the service contract." Section 1072, subdivision (b), states: "An awarding authority letting a service contract out to bid shall give a 10-percent preference to any bidder who agrees to retain the employees of the prior contractor or subcontractor pursuant to subdivision (a)."[2] The successor contractor does not have to retain unqualified employees. (§ 1072, subd (c)(2).) Section 1073 enforces these provisions by providing that an employee who is not offered employment or is discharged by a contractor who has agreed to retain employees for at least 90 days may file a civil action for reinstatement, back pay, and injunctive relief. An awarding agency may on its own motion, or upon request by a member of the public, terminate a service contract made pursuant to section 1072 if the contractor has substantially breached the contract. (§ 1074.)

---

[2] The parties have not explained what it means to give a 10-percent preference to a bidder. It appears to mean that, for purposes of determining the lowest bid, the public agency reduces by 10 percent a bid submitted by a contractor that receives the preference under section 1072. (See, e.g., *City of Scottsdale v. Deem* (1976) 27 Ariz.App. 480, 482, 556 P.2d 328, 329 [a bid in the amount of $357,716, if granted a 5-percent preference, was the low bid as compared to one for $356,686]; Annot., Validity, construction, and effect of requirement under state statute or local ordinance giving local or locally qualified contractors a percentage preference in determining lowest bid (1991) 89 A.L.R.4th 587 ["[a] bid preference statute . . . can entitle a qualifying contractor to the award of a contract even though the contractor has not submitted the lowest bid," and "[s]uch a law may deem the bid of a qualifying contractor as being the lowest bid where it is within a prescribed percentage of the lowest bid"].)

The legislative history explains the reason for the bidding preference under section 1072.  "[A]pproximately 30 percent of public transit service is provided by private companies who contract with local government agencies.  Such contracts typically last for only a few years and when they are up for renewal, the contractor is typically underbid by a new contractor."  (Sen. Com. on Labor and Industrial Relations, Analysis of Sen. Bill No. 158 (2003-2004 Reg. Sess.) as amended Mar. 24, 2003, pp. 1-2.)  This "revolving door" in public contracting negatively impacts existing employees who are not retained by the new contractor and harms "the economic well-being of the state as such employees often have to rely on public services just to get by."  (Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 158 (2003-2004 Reg. Sess.) as amended Apr. 2, 2003, pp. 3, 4.)  To address the "significant economic dislocation" (§ 1070, subd (a)) of employees who are not retained and the resulting burden on government services and taxpayers (§ 1070, subd. (b)), the Legislature established a bidding preference for contractors bidding on public transit service contracts who agree to retain qualified existing employees for at least 90 days.  (§§ 1070, subd. (c), 1072, subd. (b).)  The legislation provides a measure of job security by giving retained employees 90 days to prove their worth to the new contractor or to seek other employment.  (See Enrolled Bill Rep. on Sen. Bill No. 158 (2002-2003 Reg. Sess.) prepared for Governor Gray Davis (Oct. 6, 2003).)

The law is having its intended effect.  The California Teamsters Public Affairs Council, which sponsored legislation in 2016 to extend the incentive to solid waste collection and transportation contracts, reported to the Legislature:  "'The current law for transit service contracts has been in effect for

7

nearly fifteen years.  It has stabilized the industry, allowing drivers to retain work.  There have been no reported cases of litigation on the issue, which is a strong indication of how smoothly this law has functioned.  As a practical matter, in the vast majority of cases, all of the bidders take the preference, which results in no difference in the cost to the contracting entity but avoids needless job displacement.'"  (Assem. Com. on Local Gov., Analysis of Assem. Bill No. 1669 (2015-2016 Reg. Sess.) as amended Mar. 8, 2016, p. 3.)

     C.    *Statutory Construction*

"Legal questions [arising at the pleading stage] include the interpretation of a statute and the application of a statutory provision to facts assumed to be true for purposes of the demurrer."  (*Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1242; accord, *Villery v. Department of Corrections & Rehabilitation* (2016) 246 Cal.App.4th 407, 413; see *California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1041 ["[w]e review questions of statutory construction de novo"].)  "Our primary task 'in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose.  [Citation.]  We consider first the words of a statute, as the most reliable indicator of legislative intent.'"  (*California Building Industry Assn.*, at p. 1041) "'"'Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.'"'"  (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1037; see *California Building Industry Assn.*, at p. 1041 ["[w]e construe the statute's words in context, harmonizing statutory provisions to avoid

8

absurd results"].) "'We interpret relevant terms in light of their ordinary meaning, while also taking account of any related provisions . . . to determine what interpretation best advances the Legislature's underlying purpose.'" (*In re R.T.* (2017) 3 Cal.5th 622, 627; accord, *Los Angeles County Bd. of Supervisors v. Superior Court* (2016) 2 Cal.5th 282, 293.)

> D.    *The Trial Court Erred in Sustaining the Demurrer*

"Code of Civil Procedure section 1085, providing for writs of mandate, is available to compel public agencies to perform acts required by law. [Citation.] To obtain relief, a petitioner must demonstrate (1) no 'plain, speedy, and adequate' alternative remedy exists [citation]; (2) 'a clear, present, . . . ministerial duty on the part of the respondent'; and (3) a correlative 'clear, present, and beneficial right in the petitioner to the performance of that duty.' [Citations.] A ministerial duty is an obligation to perform a specific act in a manner prescribed by law whenever a given state of facts exists, without regard to any personal judgment as to the propriety of the act." (*People v. Picklesimer* (2010) 48 Cal.4th 330, 339-340; see *Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916 ["'[a] ministerial act is an act that a public officer is required to perform in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning such act's propriety or impropriety, when a given state of facts exists'"].)

The parties agree section 1072 imposes a mandatory duty on the City, but disagree about the nature of that duty. The City argues the duty under section 1072, subdivision (b), is only to "give a 10 percent preference to any bidder who agrees to retain

the employees of the prior contractor."  The City contends, however, it has discretion to award the preference under section 1072 to bidders like First Transit, even though First Transit's bid did not include an agreement to retain MV Transportation's qualified employees for at least 90 days.  In other words, the City argues section 1072 requires the public agency to give the 10-percent preference to bidders who agree to retain qualified employees for at least 90 days, but allows the public agency, in its discretion, to give the same preference to bidders who do not.  The Union contends section 1072, subdivision (b), means that only a contractor who agrees to retain employees for at least 90 days is entitled to the 10-percent preference under section 1072.  The Union has the better argument.

The statutory language is unambiguous.  Section 1072, subdivision (a), requires a bidder to state in its bid whether it will retain employees for at least 90 days.  To be eligible for the preference, the contractor must state in its bid that it will retain the employees.  Section 1072, subdivision (b), prescribes what a public agency must do when a bidder, "pursuant to subdivision (a)," agrees in its bid to retain employees for at least 90 days: award the 10-percent preference.  A bidder must comply with subdivision (a) before a public agency can give the bidder the preference under subdivision (b); that is what the words "pursuant to" in subdivision (b) mean.  Nothing in the statutory language authorizes a public agency to give the section 1072 preference to a bidder who did not make the declaration required by section 1072, subdivision (a), "as part of the bid."  The public agency does not have to award the contract to a bidder with the 10-percent preference under section 1072, subdivision (b), but the public agency can only give the 10-percent preference to a bidder

10

whose bid qualifies under section 1072, subdivision (a), and First Transit's bid did not.[3]  Contrary to the trial court's ruling, the statute does not allow a public agency to award a preference under section 1072 to a contractor who communicates its willingness to retain employees other than in its bid.  The trial court erred in interpreting section 1072, subdivision (b), to give the City discretion to give First Transit the preference when it did not comply with subdivision (a).  (See *People v. Tindall* (2000) 24 Cal.4th 767, 772 [""""[w]here the statute is clear, courts will not 'interpret away clear language in favor of an ambiguity that does

---

[3]     The trial court appears to have confused discretion to award the preference with discretion to award the contract.  The court stated to counsel for the Union:  "It just seems to me that the language [of the statute] doesn't go far enough for me to agree with you that a city is prohibited from doing business with a party that's not going to keep on the old employees or from paying a premium."  Counsel for the Union explained in response: "The statute doesn't disqualify the City from doing business with employers who don't want to retain the prior employees.  It doesn't even prevent the City from granting the bid[ ] to First Transit under these facts, but it does [impose] a duty on the City. . . ."  The trial court was also concerned that a bidder would have to keep current employees "who have extensive records of discipline."  Section 1072, subdivision (c), however, does not require a successor contractor to retain an employee where there is "reasonable and substantiated cause" relating to the "employee's performance or conduct while working under the prior contract or the employee's failure of any controlled substances and alcohol test, physical examination, criminal background check required by law as a condition of employment, or other standard hiring qualification lawfully required by the successor contractor."

11

not exist"""]; *Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 524 [same].)

The City's interpretation of section 1072 would undermine the Legislature's purpose in enacting the statute. (See *Gutierrez v. Carmax Auto Superstores California, supra*, 19 Cal.App.5th at p. 1250 ["the court must adopt the interpretation that best effectuates the legislative intent or purpose"]; *Merced Irrigation Dist. v. Superior Court* (2017) 7 Cal.App.5th 916, 925 [courts must "select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute"].) Section 1072 incentivizes bidding contractors to declare they will retain existing employees for at least 90 days by giving those contractors a preference in the bidding process. To allow the City to give a preference under section 1072, subdivision (b), to contractors who do not comply with section 1072, subdivision (a), would eliminate the incentive for contractors to retain employees, exactly the opposite of the Legislature's stated goal. A bidding contractor would have no reason to agree to retain employees for at least 90 days as part of its bid if a public agency could give the same preference to a contractor who did not make the same agreement. After all, if everyone gets a 10-percent preference, then no one is getting a 10-pecent preference.

The City also relies on the trial court's finding that First Transit's failure to comply with section 1072, subdivision (a), was an "inconsequential variance" that did not preclude the City from considering First Transit's bid. The court stated the Union did not allege that First Transit's noncompliance affected the amount of the bid or gave First Transit "a benefit not allowed other bidders" or that First Transit "would not have been awarded the contract had it been required to comply with" section 1072, subdivision (a). The trial court cited *Konica Business Machines*

12

*U.S.A., Inc. v. Regents of University of California* (1988) 206 Cal.App.3d 449, which held that a public entity may consider a bid that deviates from bid specifications so long as the variance is inconsequential. (*Id.* at p. 454; see *DeSilva Gates Construction, LP v. Department of Transportation* (2015) 242 Cal.App.4th 1409, 1422-1423; *Bay Cities Paving & Grading, Inc. v. City of San Leandro* (2014) 223 Cal.App.4th 1181, 1188; *Ghilotti Construction Co. v. City of Richmond* (1996) 45 Cal.App.4th 897, 904.) A variance is inconsequential if it "cannot have affected the amount of the bid or given a bidder an advantage or benefit not allowed other bidders . . . ." (*Ghilotti Construction*, at p. 904; see *DeSilva Gates Construction*, at pp. 1422-1423 ["[i]t is well established that "'a bid which substantially conforms to a call for bids may, though it is not strictly responsive, be accepted if the variance cannot have affected the amount of the bid or given the bidder an advantage or benefit not allowed other bidders,"'" italics omitted].)

The Union, however, did not allege First Transit's bid deviated from the City's specifications, substantially or otherwise. The Union alleged First Transit received a statutory preference to which it was not entitled because it did not comply with the statutory prerequisite. First Transit has not cited any cases treating a failure to comply with a statutory requirement as (or analogous to) a variance from bidding specifications. Thus, because the Union did not claim First Transit's bid deviated from the City's specifications, the Union did not have to allege First Transit's noncompliance with section 1072, subdivision (a), affected the amount of the bid or gave First Transit an advantage or benefit other bidders did not receive. In any event, whether a variance is inconsequential is a question of fact, subject to review for substantial evidence, that is not properly decided on demurrer. (See *MCM Construction, Inc. v. City and County of*

13

*San Francisco* (1998) 66 Cal.App.4th 359, 375; *Ghilotti Construction*, *supra*, 45 Cal.App.4th at pp. 903, 906; *Konica Business Machines U.S.A., Inc.*, at pp. 453-454.)

**DISPOSITION**

The judgment is reversed.  The matter is remanded with directions for the trial court to vacate its order sustaining the demurrer without leave to amend and to enter a new order overruling the demurrer.  The Union is to recover its costs on appeal.

SEGAL, J.

We concur:

PERLUSS, P. J.

ZELON, J.

14