Filed 5/7/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CAROLYN COHEN et al., | B284446 |
| Plaintiffs and Appellants, | Los Angeles County Super. Ct. No. BC528979 |
| v. | |
| KABBALAH CENTRE INTERNATIONAL, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard L. Fruin, Jr., Judge.  Affirmed in part, reversed in part, and remanded with directions.

Law Offices of Alain V. Bonavida and Alain V. Bonavida, for Plaintiffs and Appellants.

Polsinelli LLP, Noel S. Cohen, and J. Alan Warfield, for Defendants and Respondents.

_____

Appellant Carolyn Cohen and her company Here We Grow, Inc., donated about a half million dollars to a San Diego spiritual group called Kabbalah Centre International, Inc. ("Centre"). Later Cohen wanted her money back. The trial court ruled she had no such right. We reverse one of the trial court's rulings that concerns $25,000 and affirm all the rest.

I

We summarize the factual record.

Centre is an organization whose members seek spiritual fulfillment. Cohen alleged Centre "holds itself out to the public as a spiritual and educational, albeit non-religious, organization dedicated to the study of Kabbalah."

Cohen joined Centre in San Diego in 2002. According to Cohen, "Some members of the Kabbalah Centre -- i.e., those they perceive to possess celebrity or personal wealth -- are given special treatment. Such members (including [Cohen]) are assigned personal teachers and counselors." Counseling sessions were "extremely intense and frequent."

Centre designated defendants Yosef Shvili, and later his wife Esther Shvili, as Cohen's spiritual guides. The Shvilis told Cohen that to receive the light and to promote her spiritual health she should "give money until it hurts." Cohen gave.

Cohen gave to two Centre causes. Her larger donation was $452,000 to Centre's Building Fund. Centre was in leased quarters. This donation was to help it buy a building that would be Centre's permanent home in San Diego. Cohen's other donation was an added $25,000 for Centre's "Spirituality for Kids" program. Cohen financed her donations partly through loans on a house.

Alongside other Centre members, Cohen, a real estate agent, scouted candidate buildings for Centre's future home. She visited between 12 and 75 sites. She was looking at property as late as 2011, but by 2013 Cohen concluded Centre was not truly planning to buy a building at all and was using the supposed real estate hunt only as a front for soliciting more donations.

Between 2003 and 2007, Cohen helped develop and manage Centre's "Spirituality for Kids" program. In 2007, Centre discontinued the kids program with promises to reinstate it some day, but Centre never did.

Cohen sued Centre, its affiliates, and several individuals on ten causes of action. We refer to all defendants collectively as Centre. Pre-trial motions whittled away defendants and causes of action. The trial court kept granting Cohen leave to amend her complaint until the fifth round of pleading. Then Centre filed a motion for summary judgment and summary adjudication. The trial court took supplemental briefing. After two separate oral arguments, the court granted the motion and entered judgment against Cohen.

Cohen appeals four orders in this series of rulings: the trial court's orders (1) granting summary judgment on Cohen's claims for breach of contract and (2) for fraud, and (3) the order sustaining a demurrer to the breach of fiduciary duty claim in her first amended complaint. (4) Finally, Cohen challenges the trial court order sustaining a demurrer to the Penal Code section 496 claim in her second amended complaint. We reverse the contract order in part and otherwise affirm.

## II

We describe pertinent law for Cohen's first argument, which challenges the summary adjudication of her claim for breach of contract.

To win summary judgment or adjudication, a defendant must show the plaintiff cannot establish at least one element of a cause of action. (Code Civ. Proc., § 437c, subd. (o); *Aguilar v. Atl. Richfield Co.* (2001) 25 Cal.4th 826, 853.) Our review is independent. (*Id.* at p. 860.)

Cohen argues Centre must satisfy a more demanding standard under Probate Code section 16004, subdivision (c), which she says places the burden of proof on Centre, which in turn heightens the showing Centre must make for summary judgment. Cohen forfeited this argument when she did not make it to the trial court. (*DiCola v. White Bros. Performance Prod., Inc.* (2008) 158 Cal.App.4th 666, 676.)

The trial court properly granted summary adjudication against Cohen's contract claim concerning money Cohen donated for Centre's building (issue one in Centre's motion), but erred in adjudicating Cohen's contract claim about the $25,000 donation to the kids program (issue three). We treat these points in order.

## A

The trial court's summary adjudication of the building fund contract claim was proper.

Cohen said she orally contracted that Centre would return her building donations if it did not use her money for a building, and Centre breached this oral contract by failing to return her donation when it decided against buying a building. The trial court properly granted summary adjudication because Cohen had no valid evidence of this contract.

4

To establish this contract, Cohen sought to rely on an invalid portion of her own declaration. This portion was invalid because it contradicted Cohen's own repeatedly-amended complaint. Courts properly disregard this tactic.

The tactical details are as follows.

Even after repeated demurrers, Cohen's pleading remained vague about her supposed contract with Centre. During oral argument about a demurrer on February 8, 2017, the trial court voiced concern about Cohen's vagueness. The court sustained this demurrer. Cohen does not challenge this ruling. Cohen, however, implored the trial court for leave to file a *fifth* version of her complaint, promising to fix the vagueness problem. The court asked that Cohen allege the particulars of her supposed oral contract, especially "*the date of the period when the conversations occurred*" that Cohen claimed created the oral contract. Cohen responded: "Okay."

On March 13, 2017 Cohen filed her newly amended complaint. Paragraph 31 alleged Cohen entered an oral contract about the Centre's building fund "on or about mid-April 2004 . . . ."

Specifying this mid-April 2004 contract date was significant because Centre already had deposed Cohen about it.

Four days after Cohen filed her amended complaint, Centre filed a motion for summary judgment and summary adjudication on March 17, 2017. This motion took aim at Cohen's newly amended complaint. Cohen opposed this motion on May 22, 2017, but with this opposition Cohen now declared the building fund oral contract was in *2003*, not mid-April 2004.

By filing a declaration that changed the date of the building contract from 2004 to 2003, Cohen evidently hoped to avoid her

5

past deposition admission that in 2004 she had not asked Centre to restrict its use of her donations to building construction. Cohen came up with a new story to create a factual dispute and to avoid summary judgment.

The tactic of changing one's story to avoid summary adjudication is improper. (*Castillo v. Barrera* (2007) 146 Cal.App.4th 1317, 1324 [defendants moving for summary judgment are entitled to rely on allegations in the complaint, which are judicial admissions and conclusive concessions and which frame the disputed issues].)

The point of the summary adjudication procedure is to test whether a full trial is necessary. The complaint is supposed to set forth the plaintiff's proposed case, which the defendant's summary adjudication motion then aims to test as a matter of law. But if the plaintiff's opposition moves the factual target after the defendant has fired off its motion, this unfair tactic defeats the utility of the procedure.

The trial court correctly summarized the matter: "I read her declaration very carefully. And if it was her initial statement, it might have had greater effect; but it came after her deposition was taken where she made statements that were to the contrary."

The trial court correctly disregarded Cohen's new and contradictory version of events. That left Cohen with no evidence to support her claim about an oral contract about her building fund donations, which rightly failed in the trial court and now fails on appeal. The proper adjudication of issue one in Centre's motion extinguished Cohen's claim, because Cohen could not show the existence of a contract for the return of her building fund donations.

B

The trial court erred in summarily adjudicating the kids program contract claim.

Issue three in Centre's motion attacked this claim. The trial court awarded summary adjudication in Centre's favor, but this was error because Cohen legitimately raised a material fact issue on this point.

In her deposition, Cohen testified she donated to the kids program between 2003 and 2007 and personally managed the program between 2004 to 2007. In her operative pleading, Cohen alleged she entered "another" oral contract, different from the building fund contract. This contract was that Centre would return any of Cohen's $25,000 donation for the Spirituality For Kids program that Centre did not use for that specific purpose. The date on this different contract was 2003. This 2003 date did not conflict with any of Cohen's previous allegations or statements. Cohen's later declaration in opposition to Centre's motion also was consistent with her pleading and her deposition.

Cohen's opposition identified and supported a genuine dispute of material fact: Cohen swore there was an oral contract for the kids program donation; Centre's witnesses swore there was no such contract. This factual clash meant it was error to grant Centre's motion to adjudicate issue three.

Centre had an alternate theory involving the statute of limitations. But Cohen correctly notes she discovered a crucial fact only in 2013, which was the year she sued. There was no delay problem.

We thus remand Cohen's contract claim about her $25,000 kids program donation to the trial court for such further

7

proceedings as the trial court may deem appropriate, including possible motion practice.

## III

The trial court properly granted summary adjudication on Cohen's fraud claims, which were issues five (building fund donations) and seven (Spirituality for Kids donations) in Centre's motion.

## A

Fraud has five elements:  a misrepresentation; the knowledge the misrepresentation is false; the intent to induce another's reliance on the misrepresentation; justifiable reliance; and damages.  (*Conroy v. Regents of Univ. of California* (2009) 45 Cal.4th 1244, 1255.)

## B

Cohen's fraud claim concerning the building fund lacked proof on the second element of fraud:  there was no evidence Centre made a misrepresentation knowing its statement was false.  The classical name for this blameworthy mental state is scienter.  Centre's motion for summary adjudication properly shifted the burden to Cohen, who failed to create a dispute about scienter.  The trial court properly adjudicated issue five in Centre's favor.

### 1

Centre's proof supporting summary judgment on the building fund fraud claim came from two sources.

#### a

Centre's first source of proof for the building fund fraud claim is declarations Esther and Yosef Shvili signed on behalf of Centre.  Their declarations established two key factual assertions:  (1) each originally hoped increased future Centre

membership would justify moving to a permanent location, but (2) by 2013 it became clear there was insufficient interest in Centre to warrant the move.

Cohen attacks the Shvilis's declarations for being brief. Brevity is the soul of wit. These declarations said what was necessary.

Cohen critiques the declarations for being "virtually identical." The similarity does corrode credibility. But the trial court impliedly credited these declarations and shifted the burden to Cohen. Trial courts do possess discretion to reject identical form declarations as inherently incredible, but this trial court's implied ruling admitted these declarations. This was no abuse of discretion: the declarations are not so similar as to defy belief.

Cohen filed 197 written objections to Centre's supporting evidence. This exceeds the 175 objections in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 532, where our Supreme Court recognized "that it has become common practice for litigants to flood the trial courts with inconsequential written evidentiary objections, without focusing on those that are critical." (*Ibid.*) The High Court observed that all too often litigants file "blunderbuss objections" to virtually every item of evidence submitted. (*Ibid.*) To counter that "disturbing trend," the Supreme Court encouraged parties "to raise only meritorious objections to items of evidence that are legitimately in dispute and pertinent to the disposition of the summary judgment motion. In other words, litigants should focus on the objections that really count. *Otherwise, they may face informal reprimands or formal sanctions for engaging in abusive practices*." (*Ibid.* [italics added]; see also *id.* at p. 532, fn. 9 [stating a "message to trial lawyers

9

that if they want the trial court to make meaningful rulings, they should facilitate its doing so by choosing their battles wisely and only objecting to evidence when it matters"].)

Cohen has not taken this 2010 Supreme Court guidance to heart, either here or in the trial court. In the trial court, Cohen's first objection was to a declaring witness's statement that "if called as a witness, [I] could and would testify competently to such facts under oath." Cohen's first objection was "Inadmissible legal conclusion [that testimony would be 'competent']." This objection could accomplish nothing of substance in this litigation. It was frivolous. One ruling down. 196 to go.

When opposing a motion, objecting to every single thing with no display of professional judgment or restraint is an abusive practice.

On appeal, Cohen repeats this approach in her opening brief by listing scores of objections without describing why any of this is "critical in resolving the summary judgment motion." (*Reid v. Google, Inc.*, *supra*, 50 Cal.4th at p. 533.)

We decline to reward this conduct.

In sum, the Shvilis's declarations showed Centre personnel had sincere hopes of buying a San Diego building but hard reality dashed their rosy dreams. This showing negated scienter and moved the burden to Cohen.

b

Centre's second source of proof for the building fund fraud claim is undisputed evidence Cohen searched for prospective building locations as Centre's realtor. The search lasted years. Cohen visited between 12 and 75 sites. Centre directed Cohen to negotiate the purchase of a building, though the negotiations were never finalized. This search evidence suggested Centre's

10

hunt for a home was real and not a scam.  This evidence likewise negated scienter.

2

Centre's evidence shows it satisfied the initial burden of production necessary for summary adjudication of issue five in its favor.  That shifted the burden to Cohen to make her own showing of a triable issue of material fact.  (*Aguilar v. Atl. Richfield Co.*, *supra*, 25 Cal.4th at p. 850.)  Cohen failed to create a factual dispute.  Her opening brief does not attempt to argue that evidence shows she *is* able to prove the elements of her fraud claims.  In reply, Cohen attempts to remedy this failure, but we ignore arguments first raised in reply.  (*Scott v. CIBA Vision Corp.* (1995) 38 Cal.App.4th 307, 322.)

Summary adjudication of the building fund fraud claim thus was proper.  Centre won on its issue five.

C

Cohen's fraud claim concerning the kids program failed for want of proof that Centre made a misrepresentation.  Cohen claimed Centre tricked her by telling her $25,000 would go to the kids program when in fact the money went elsewhere.  This is Centre's issue seven.  Centre successfully proved Cohen could not win on this point.  Centre showed Cohen had admitted she did not know how Centre used her $25,000.  Cohen did not dispute this point.  (*Aguilar v. Atl. Richfield Co.*, *supra*, 25 Cal.4th at p. 855 [a defendant may win summary judgment by presenting "evidence that the plaintiff does not possess, and cannot reasonably obtain, needed evidence—as through admissions by the plaintiff following extensive discovery to the effect that he has discovered nothing."].)  The trial court properly adjudicated issue seven for Centre.

11

To summarize, the trial court correctly disposed of all of Cohen's fraud claims.

IV

The trial court properly sustained Centre's demurrer to Cohen's breach of fiduciary duty claim. Our review is independent. (*Int'l Bhd. of Teamsters, Local 848 v. City of Monterey Park* (2019) 30 Cal.App.5th 1105, 1109.)

Centre did not owe Cohen a fiduciary duty. Cohen cites Business and Professions Code section 17510.8, but that section does not apply to "solicitations" within the membership of a charitable organization. (Bus. & Prof. Code, § 17510.6.) Cohen was a member of Centre, which is a charitable organization. Cohen does not contest these points. Rather she gives two invalid replies.

First, Cohen says Centre's *solicitation* of Cohen may have been exempt, but Centre's *acceptance* of her money was a different matter. This argument fails, however, because soliciting and accepting contributions are two sides of the same coin.

Second, Cohen notes Business and Professions Code section 17510.8 contains the clause "[n]otwithstanding any other provision of this article . . . ." This clause has no application here, however, because this section is within the article that does not apply to "solicitations" within the membership of a charitable organization. (Bus. & Prof. Code, § 17510.6.)

Cohen's argument on *Richelle L. v. Roman Catholic Archbishop* (2003) 106 Cal.App.4th 257, 276, is immaterial because that case found no fiduciary duty. *In re Miller's Estate* did find a fiduciary duty between clergy and a congregant, but the clergy gave the congregant advice on business matters and

12

the congregant was "in the last stages of cancer, drugged with opiates for several weeks." (*In re Miller's Estate* (1936) 16 Cal.App.2d 141, 148, 150–151.) There is nothing like that here.

V

We affirm the trial court's order sustaining the demurrer to Cohen's Penal Code section 496 claim. That claim rests on allegations that Centre fraudulently took Cohen's donations.

As discussed above, Cohen cannot prove Centre defrauded her. Any error in the trial court's order sustaining the demurrer was harmless. (*Teresi v. State of California* (1986) 180 Cal.App.3d 239, 245, fn. 4.)

## DISPOSITION

We affirm the summary adjudication of all of Cohen's claims, with the exception of Cohen's contract claim about her $25,000 kids program donation. This claim we remand to the trial court for such further proceedings as the trial court may deem appropriate, including possible motion practice concerning this claim. Each party shall bear its own costs.


WILEY, J.

WE CONCUR:



BIGELOW, P. J.



GRIMES, J.

13