**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAURA LAZAR; DANIEL M. GOTTLIEB, | No. 18-55351 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-00309-RGK-PJW |
| v. | |
| MARTIN ANDREW GRANT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted January 3, 2020[**]

Before:    FARRIS, D.W. NELSON, AND SILVERMAN, Circuit Judges.

Laura Lazar and Daniel M. Gottlieb appeal the district court's judgment

after a bench trial in their diversity action alleging fraud and other causes of action

under California law against Martin Andrew Grant.  We have jurisdiction under 28

U.S.C. § 1291.  We review the district court findings of fact for clear error, and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review its conclusions of law de novo. *Huhmann v. Fed. Express Corp.*, 874 F.3d 1102, 1106 (9th Cir. 2017). We affirm.

The district court properly allocated the burden of proof to plaintiffs because the factual issue of what Grant did with the money Lazar gave him went to the elements of plaintiffs' claims rather than to any defense. *See Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 908-09 (9th Cir. 2010) (elements of constructive trust); *Lee v. Hanley*, 354 P.3d 334, 344 (Cal. 2015) (elements of conversion); *Cohen v. Kabbalah Centre Int'l, Inc.*, 246 Cal. Rptr. 3d 774, 779 (Cal. Ct. App. 2019) (elements of fraud); *Nautilus, Inc. v. Yang*, 217 Cal. Rptr. 3d 458, 463 (Cal. Ct. App. 2017) (elements of fraudulent transfer); *Avidor v. Sutter's Place, Inc.*, 151 Cal. Rptr. 3d 804, 816 (Cal. Ct. App. 2013) (elements of money had and received). We decline to consider for the first time on appeal plaintiffs' arguments regarding shifting the burden of proof as a matter of equity or because Grant was a fiduciary. *See G&G Prods., LLC v. Rusic*, 902 F.3d 940, 950 (9th Cir. 2018) (court generally will not consider arguments raised for the first time on appeal).

We also decline to consider for the first time on appeal whether plaintiffs proved a cause of action for constructive fraud at trial. *See Tindell v. Murphy*, 232 Cal. Rptr. 3d 448, 456 (Cal. Ct. App. 2018) (elements of constructive fraud). Whether plaintiffs established a fiduciary relationship and the other elements of constructive fraud is not purely an issue of law, and Grant would suffer prejudice

2

in the lack of opportunity to present a defense to a claim of constructive fraud. *See Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (setting forth standard for reaching issue not raised before district court); *Persson v. Smart Inventions, Inc.*, 23 Cal. Rptr. 3d 335, 350 (Cal. Ct. App. 2005) ("The existence of a confidential relationship generating a fiduciary duty is a question of fact . . . ." (internal quotation marks and citation omitted)).

The district court properly found that, in the absence of credible evidence, Lazar did not establish a wrongful act, as required for conversion, nor the receipt of money intended to be used for her benefit, as required for a claim of money had and received. *See Huhmann*, 874 F.3d at 1106; *Lee*, 354 P.3d at 344 (conversion); *Avidor*, 151 Cal. Rptr. 3d at 816 (money had and received).

The district court made sufficient factual findings and conclusions of law, as required by Federal Rule of Civil Procedure 52(a)(1). The district court properly addressed the credibility of both Lazar and Grant. It was not required to believe one over the other, and it properly concluded that, in the absence of credible evidence, plaintiffs failed to meet their burden of proof.

**AFFIRMED.**