Filed 6/9/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| BETH FIELD,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>U.S. BANK NATIONAL ASSOCIATION, as Trustee, etc., et al.,<br><br>      Defendants and Respondents. | B309111<br><br>Los Angeles County<br>Super. Ct. No. LC107408 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Theresa M. Traber, Judge. Affirmed.

Tamer Law Corp. and Steven Michael Tamer for Plaintiff and Appellant.

Malcolm Cisneros, William G. Malcolm and Brian S. Thomley for Defendants and Respondents.

————————————

California's civil discovery process aims to unearth the truth of the case, thus facilitating settlement on the basis of the mutually expected value of the suit.  Evasive discovery responses frustrate this goal by concealing the truth.  A party cannot evade discovery duties and then try to defeat summary judgment by adding factual claims to create last-minute disputed issues.  That was the tactic here, and it fails.

We publish to reiterate you harm your client's interest when you craft or transmit evasive discovery responses.  You likewise harm your own prospects if ever you hope for a fee award.  (See *Karton v. Ari Design & Construction Inc.* (2021) 61 Cal.App.5th 734, 747 [attorney unprofessionalism justifies reducing fee awards].)

Plaintiff Beth Field answered a key contention interrogatory with one word:  "Unsure."  When later confronted with a defense summary judgment motion, however, Field developed belated clarity and finally specified the type of wrongdoing she was accusing the defendant of committing.  We affirm because the trial court properly granted the motion.

The essential facts of this home foreclosure case are as follows.  Field executed a 2007 note for over a million dollars.  She defaulted on her payments and applied for a loan modification in 2017.  After a 2018 foreclosure sale, Field brought a wrongful foreclosure action against a bank and Rushmore Loan Management Services, LLC.  We group all defendants and lending and foreclosing entities together under the name "Rushmore."

Field's suit proceeded to discovery.  Rushmore propounded an interrogatory that Field answered with the word "Unsure," as follows:

*SPECIAL INTERROGATORY NO. 16:*

*Do YOU contend that the [Notice of Trustee Sale] that YOU reference in paragraph 15 of the [Second Amended Complaint] was not mailed to YOU in compliance with California Civil Code section 2924b?  If so, then please provide all facts RELATED TO this contention.*

*[Answer:]  Unsure*

Rushmore moved for summary judgment on the ground its foreclosure against Field was legally sound.  Rushmore showed it properly recorded the notice of the proposed trustee sale.  Field opposed the motion on the ground Rushmore never served her with this notice.  As part of her opposition, Field contradicted her discovery response about being "Unsure":  now she *was* sure, and she swore she never received the notice.

In a 16-page ruling, the trial court granted Rushmore's motion for summary judgment.

The court rejected Field's wrongful foreclosure claim on the ground Rushmore properly changed the loan's successor trustee.  The court stated neither the deed of trust nor the statute required Rushmore to give Field notice by mail of the executed substitution of trustee.  The court also ruled Rushmore demonstrated Field did not have a written loan modification when Rushmore sold the property, nor had Field demonstrated any wrongful conduct by Rushmore.  The court likewise dismissed Field's arguments about a supposed breach of contract, about cancellation of the trust deed, about quiet title, and about the need for an accounting.

Field appeals on two grounds:  whether she received notice of the trustee's sale, and whether she could tender the amount of the loan.  We address these two arguments in turn.  Our review

3

is independent.  (*Cohen v. Kabbalah Centre Internat., Inc.* (2019) 35 Cal.App.5th 13, 17 (*Cohen*).)  We review the trial court's decision, not its reasoning.  (*Kokubu v. Sudo* (2022) 76 Cal.App.5th 1074, 1082.)

Regarding Field's complaint about the allegedly bad notice of the trustee's sale, Rushmore observes Field's operative complaint raised issues only about the loan modification and trustee substitution.  Rushmore notes Field has "abandoned these arguments on appeal."  As to Field's appellate argument about supposedly faulty notice of the trustee's sale, Rushmore points out Field did not properly raise this issue in the trial court.  Field first mentioned this argument in opposition to Rushmore's summary judgment motion, Rushmore contends, and Field thus failed to give Rushmore notice of her argument either in her pleading or in her evidence.  Rushmore quotes Field's complaint to illustrate how it failed to specify this issue.

We will assume for the sake of argument Field's pleading was adequate.

Rushmore also points to Field's response to Rushmore's special interrogatory number 16, which we have already quoted.  This interrogatory asked Field whether she was contending the notice of trustee's sale was not mailed to Field in statutory compliance, and, if that was Field's contention, asked Field to provide all facts related to this contention.  Field's one-word response was this:  "Unsure."  Only when Field faced summary judgment did she claim with new-found certainty that she had never received this notice.

Field replies that Rushmore has taken a "great leap in interpreting" Field's one-word response of "Unsure."  Field

4

submits her one-word answer was ambiguous and to end her lawsuit on this basis would be "unjust."

What is unjust is discovery abuse.

What Field should have done was answer this simple contention interrogatory unambiguously, forthrightly, and truthfully. If her contention was she never got notice of the trustee's sale, she had to say so and to provide the facts related to this contention.

It was unjust and improper for Field to swear during discovery she was "[u]nsure" whether Rushmore's notice was proper but then to contradict this position during summary judgment by swearing the notice was improper because she never got it.

Code of Civil Procedure section 2030.310 provides a mechanism for parties to amend responses to interrogatories under certain circumstances, yet Field did not attempt to amend.

A party opposing summary judgment may not move the target after the proponent has launched its arrow. Rushmore's contention interrogatory sought to pin down Field's abstract theory of wrongful disclosure by getting her to specifics. Field's one-word answer was "Unsure." This response was too clever by half. Field had to be diligent and straightforward in responding to discovery. (Code Civ. Proc., § 2030.220, subds. (a)–(c).) She could not feint with "Unsure" and then later seek to create a disputed issue of fact with assertions she had failed to formulate or to disclose during discovery. (See Code Civ. Proc., § 2023.010 subd. (f) [evasive responses are sanctionable]; cf. *Cohen*, *supra*, 35 Cal.App.5th at pp. 17–19 [you cannot change your story to avoid summary judgment].) Parties prepare interrogatory answers

5

with the assistance of counsel, which justifies a broad duty of response.  (Edmon & Karnow, Cal. Practice Guide:  Civil Procedure Before Trial (The Rutter Group 2022) ¶ 8:1053 (Edmon & Karnow).)

Field is right her response of "Unsure" was ambiguous.  Her ambiguity, in which counsel participated, is the problem.  Mail service is imperfect, but a claim of failure to receive something implies failure in the sending.  Field's contention she did not receive notice was a necessary response to the interrogatory.  To suggest otherwise when asked for "RELATED" facts is to misconstrue the question deliberately.  (See *Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 783 [do not deliberately misconstrue the question in order to supply an evasive answer].)

Rushmore asked a simple question to clarify Field's position.  Field replied with a cryptic non-answer that could achieve only obfuscation.  But the Legislature intended our discovery statutes would take the game element out of trial preparation.  (*Emerson Electric Co. v. Superior Court* (1997) 16 Cal.4th 1101, 1107.)  Trial courts encountering such an abuse are free to disregard a later declaration that hopes to supplant tactical or slothful ambiguity with tardy specificity.  (Cf. Edmon & Karnow, *supra*, at ¶ 8:1050.10 ["Caution—incomplete answers may expose responding party to summary judgment:  'Factually devoid' interrogatory answers may come back to haunt the responding party if the opposing party moves for summary judgment." (Italics omitted.)].)

Field offers a variant of this same argument by saying her failure to receive notice of the trustee's sale prevented her from tendering the balance she owed Rushmore.  This branch falls

6

with the tree:  Field's untimely and contradictory effort cannot support any attack on this grant of summary judgment, which was proper.

## DISPOSITION

We affirm the judgment and award costs to the respondents.


WILEY, J.


We concur:


STRATTON, P. J.


HARUTUNIAN, J.[*]

---

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.