Filed 5/12/25  Guadalupe–Real Propery etc. v. Pegasus Investments etc. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| GUADALUPE–REAL PROPERTY & INVESTMENTS, LLC, Plaintiff and Appellant, v. PEGASUS INVESTMENTS REAL ESTATE ADVISORY, INC., Defendant and Respondent. | B326984, B328611 Los Angeles County Super. Ct. No. 21SMCV00133 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elaine W. Mandel, Judge.  Affirmed.

Law Offices of Ashton Watkins and Ashton R. Watkins for Plaintiff and Appellant.

Dickinson Wright and Bennett E. Cooper for Defendants and Respondents.

_____

Guadalupe-Real Property & Investments, LLC sued Pegasus Investments Real Estate Advisory, Inc. Pegasus moved for summary judgment. Guadalupe then moved to amend its complaint to add an additional plaintiff, its principal Ben Samouha. The trial court denied the motion for leave to amend the complaint and granted the motion for summary judgment. It also granted discovery sanctions to Pegasus. Guadalupe appeals these three adverse rulings. We affirm.

## I

We recount the pertinent background, providing additional details as relevant in our analysis below.

Samouha sold a property through a 1031 exchange, a mechanism by which a seller can defer taxes or gains from a sale by using the proceeds for acquisition of another property. (*CADC/RADC Venture 2011-1 LLC v. Bradley* (2015) 235 Cal.App.4th 775, 780.) Samouha engaged Pegasus to advise and represent him in connection with selecting and purchasing a commercial property. Samouha and Pegasus signed an Exclusive Buyer Representation Agreement (the Broker's Agreement).

Pegasus ultimately recommended purchase of Guadalupe Station, a strip mall in San Marcos, Texas. After a report about the condition of the property, Samouha had some concerns. Pegasus reassured him that the problems were not serious and could be easily remedied. Samouha went through with the purchase. He signed a Purchase Agreement with the seller. He later signed the First, Second, and Third Amendments to the Purchase Agreement.

Pegasus advised Samouha to create a limited liability corporation to hold title to the property. Samouha formed

2

Guadalupe in July 2016. At Pegasus's and counsel's recommendation, Samouha then assigned the Purchase Agreement to Guadalupe. Guadalupe used the money from the 1031 exchange fund to pay part of the purchase price. It obtained a loan for the balance. Samouha personally guaranteed the loan. Guadalupe entered into an Asset Management Agreement with Pegasus's related company, Pegasus Asset Management, Inc.

After the deal closed, various issues arose with the property. Tenants complained, left, and stopped paying rent. Guadalupe spent significant sums addressing the problems, but the property lost value. In September 2020, unhappy with the purchase, Samouha, on behalf of Guadalupe, sent an email to Pegasus outlining its complaints. In January 2021, Guadalupe filed suit against Pegasus and Pegasus Management. About six months later, Guadalupe amended its complaint, dropping Pegasus Management as a defendant. Four months after that, Guadalupe filed its second amended complaint against Pegasus based on representations made between January and July 2016 and breach of the Broker's Agreement.

The parties began the discovery process. Pegasus produced about 10,000 documents. Guadalupe produced about 70 pages of unique documents. Pegasus believed Guadalupe's discovery responses and document production were insufficient. The parties engaged in multiple meet-and-confer calls and informal discovery conferences with the court.

In June 2022, Pegasus filed a motion for summary judgment. Its main argument was that Guadalupe had not been formed at the time the conduct alleged in the complaint took place and therefore could not be the real party in interest. About

3

two months later, Guadalupe obtained new counsel, and the court continued the hearing on the motion for summary judgment. About two and a half months after that, Guadalupe moved for leave to amend its complaint to add Ben Samouha as a plaintiff.

Pegasus opposed the motion for leave to amend the complaint, arguing no new circumstances justified such a late change. It also filed a motion to compel further responses to its discovery requests.

The trial court heard and denied the motion for leave to amend. A few days later, the court heard the motion for summary judgment and discovery motion. It granted the discovery motion but noted it would be moot if it granted the summary judgment. The court also stated Pegasus could move for attorney fees in connection with the discovery motion separately. The court took the motion for summary judgment under submission, and later granted it.

Pegasus filed a motion for attorney fees related to the discovery. The trial court issued a tentative ruling denying the motion because the discovery motion was now moot. During the hearing, Pegasus argued that although the need for discovery was moot, it had still been forced to incur these fees by Guadalupe's obstructive behavior. Guadalupe objected to the requested fees, in part, based on work done by non-California attorneys. Pegasus agreed to omit fees billed by the non-Californian attorneys, reducing its request from $41,497.00 to $17,884.50. After taking the matter under submission, the court granted the reduced request.

Guadalupe appeals.

## II

Guadalupe argues the trial court erred in denying the motion for leave to amend the complaint, granting the summary judgment motion, and awarding excessive attorney fees. We affirm on all counts.

## A

Guadalupe asserts the trial court erred in denying its motion for leave to amend given California's policy of liberally allowing such amendment. This argument is incorrect.

Courts may allow parties to amend pleadings, including adding a party, where doing so is in the furtherance of justice. (Code Civ. Proc., § 473, subd. (a)(1).) In determining whether allowing an amendment fits this criterion, courts will consider prejudice to the opposing party and whether the party showed due diligence. (*Doe v. L.A. Cnty. Dep't of Children & Fam. Servs.* (2019) 37 Cal.App.5th 675, 689.) We review a trial court's decision for an abuse of discretion. (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242.)

Guadalupe did not show due diligence in seeking leave to amend its complaint. The request came nearly two years after the commencement of the suit and four months after Pegasus filed its motion for summary judgment. Guadalupe emphasizes it was only two and a half months after it obtained new counsel. As the trial court noted, a change in legal counsel did not justify the delay. The evidence and the circumstances remained the same. All of the facts supporting Guadalupe's contention that Samouha should be a plaintiff existed before Guadalupe filed suit, as well as its first amendment, and its second amendment.

Pegasus powerfully argues that Guadalupe engaged in gamesmanship. Pegasus asserts Guadalupe's previous counsel

5

refused to produce certain documents because they were in the possession of Samouha, not Guadalupe. Therefore, Pegasus argues, Guadalupe should not now be allowed to add Samouha as a party when it has used its claimed separation between the two to avoid its discovery obligations.

Guadalupe insists it did not take that position. Samouha states under penalty of perjury in his declaration that Guadalupe did not take that position. Guadalupe's new counsel also insists he has never taken that position. Neither claim, however, directly refutes Pegasus's contention that Guadalupe's *previous* counsel told Pegasus's counsel that he was not going to produce documents in Samouha's possession. Guadalupe offers no evidence to dispute Pegasus's contention.

The record supports Pegasus. Pegasus repeatedly reported and briefed this contention to the trial court. Guadalupe never denied it. Pegasus's counsel also filed a declaration under penalty of perjury stating Guadalupe's previous counsel orally had taken this position.

Despite Guadalupe's current counsel's assurances that *he* never made such statements, this attorney also admits he agreed to produce additional documents and that he was working with Samouha to do so. In other words, Samouha agreed to produce documents that his side previously withheld.

There is further support for Pegasus's charge that Guadalupe engaged in abusive gamesmanship: Guadalupe produced about 70 documents; Pegasus produced about 10,000. Samouha's new counsel also admitted that, four months after agreeing to a rolling production, he still has produced nothing.

Guadalupe argues Pegasus would suffer no prejudice if the court allowed Guadalupe to amend its complaint because the

6

amendment would not add causes of action or increase Pegasus's liability.  In addition, Guadalupe contends Samouha, the proposed plaintiff, had been involved all along as the principal of Guadalupe.

These arguments are unavailing.  As the trial court noted, the amendment would moot Pegasus's motion for summary judgment.  (Cf. *Cohen v. Kabbalah Centre Internat., Inc.* (2019) 35 Cal.App.5th 13, 17–19 [improper to avoid summary judgment by changing your story].)  Guadalupe argues Pegasus can still make its summary judgement argument as to Guadalupe, even if the court allows it to add Samouha.  While true, the ultimate result is decisively different.  Without the amendment, the case would be over.  With the amendment, the case would continue to trial.  (*Field v. U.S. Bank Nat. Assn.* (2022) 79 Cal.App.5th 703, 707 ["A party opposing summary judgment may not move the target after the proponent has launched its arrow"].)

Guadalupe invalidly argues a trial continuance would help Pegasus rather than cause prejudice.  Guadalupe says Pegasus needed time to complete discovery, but does not mention Guadalupe's own gamesmanship was to blame.  Further discovery was unnecessary, moreover, once Pegasus won summary judgment.

In sum, the court properly denied the motion for leave to amend.

B

Guadalupe contends the trial court erred in granting summary judgment because there was a triable issue of fact whether Samouha assigned his rights to Guadalupe and whether Guadalupe was the real party in interest with respect to the claims alleged.  The trial court ruling was correct.

7

The suit focused on representations Pegasus made to Samouha before he formed Guadalupe and the Broker's Agreement between Pegasus and Samouha. Pegasus argued that, because Guadalupe was not a party to the agreement and had not been formed at the time of the representations, it was not the real party in interest.

Guadalupe claimed Samouha had assigned its claims to it. Guadalupe's evidence consisted of a line in a declaration filed on its behalf by Samouha that stated he had assigned his rights against Guadalupe to Guadalupe. Guadalupe's counsel later corrected this to say Samouha had assigned to Guadalupe his rights against Pegasus. However, as the trial court noted, this statement was vague. It did not show Samouha had assigned rights against Pegasus as related to the specific agreement and representations at issue in the case. Nor did it provide specifics about how or when Samouha made the assignment. (*Neptune Society Corp. v. Longanecker* (1987) 194 Cal.App.3d 1233, 1242 quoting *Cockerell v. Title Ins. & Trust Co.* (1954) 42 Cal.2d 284, 292 [the one seeking the benefit of the assignment must prove assignment by "clear and positive evidence" to protect obligor from claim by alleged assignor].)

In contrast, Guadalupe specifically stated that, on the advice of counsel and Pegasus, Samouha had assigned it his rights under the Purchase Agreement. The written assignment of the Purchase Agreement appeared in the record. Guadalupe also explicitly noted that counsel did not recommend Samouha assign his rights under the Broker's Agreement. The complaint, the next two iterations, and the proposed third amendment, made no mention of Samouha assigning his rights related to the Broker's Agreement to Guadalupe. In evaluating summary

8

judgment claims, courts are bound to the theories raised in the complaint. (*Cal. Bank & Trust v. Lawlor* (2013) 222 Cal.App.4th 625, 637 n.3.)

Samouha urges that his conduct showed he had assigned his rights to Guadalupe, citing actions he took to conduct the lawsuit. Those actions are equally consistent with a principal acting on behalf of his entity.

The trial court correctly found Guadalupe had failed to create a triable issue of material fact as to the assignment. Without the assignment, Guadalupe was not the real party in interest with regard to the claims alleged: it did not exist and therefore could not have been the target of the misrepresentations.

Guadalupe asserts that the fact that it took out a loan to purchase the property and reimbursed Samouha for the deposit means it is the real party in interest. But Guadalupe did not provide authority for the proposition that the entity that finances a transaction is always the real party in interest for claims arising from the transaction.

Guadalupe argues there was also a dispute of material fact whether it was a third-party beneficiary under the Broker Agreement. Guadalupe claims it raised this issue before the trial court but cites only discussions related to assignment. Guadalupe forfeited this argument through its failure to make it in the trial court.

Guadalupe faults Pegasus for not filing declarations in support of its motion. Pegasus submitted admissible evidence the trial court relied on in making its ruling. Guadalupe cites no authority finding admissible evidence is insufficient if not in the form of declarations.

9

Guadalupe failed to show there was a triable issue of material fact.

C

Guadalupe complains about the discovery sanctions against it. It says motions were untimely and the dollar award was too high. These arguments are wrong.

We review an award of monetary sanctions for an abuse of discretion. (*Masimo Corp. v. The Vanderpool Law Firm, Inc.* (2024) 101 Cal.App.5th 902, 907.)

Guadalupe argues Pegasus' motion *to compel* was untimely. The trial court set October 21, 2022 as the deadline for the parties to file motions to compel. The court ordered any party filing such motion to file one omnibus motion. Pegasus filed four separate motions relating to its form interrogatories, special interrogatories, requests for production, and requests for admission by the deadline. On November 8, at the request of the court, Pegasus refiled its motions as one. Guadalupe did not file a response. At the hearing, Guadalupe did not argue the motion was untimely. The court granted the motion. Even if the motion had been untimely, Guadalupe waived any objection.

Guadalupe also argues the *sanctions* motion was untimely. Pegasus filed its motion by the deadline established by the court in its judgment. The trial court found Pegasus's motions were timely. (*London v. Dri-Honing Corp.* (2004) 117 Cal.App.4th 999, 1009 [timeliness of request for sanctions is left to trial court's discretion because it is a fact-specific analysis].)

Guadalupe also argued the amounts awarded are excessive because the court could award fees only for time spent in research and preparation of motions to compel. In fact, the trial court "may impose a monetary sanction ordering that one

10

engaging in the misuse of the discovery process . . . pay the reasonable expenses, including attorney's fees, *incurred by anyone as a result of that conduct*." (Code Civ. Proc. § 2023.030, subd. (a) [emphasis added].) Thus, the court may award any attorney fees it finds the requesting party incurred as a result of the discovery misconduct. (*Ibid*.; *Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 790–791, 797.)

Pegasus filed declarations and billing records to support the fees requested. The court noted the fees were not unreasonable "given the length of this dispute and the substantial motion practice required." Pegasus's reduction in its request from $41,497.00 to $17,884.50 corroborated the reasonableness. The trial court did not abuse its discretion.

## DISPOSITION

We affirm and award costs to Pegasus.


WILEY, J.


We concur:


STRATTON, P. J.



VIRAMONTES, J.

11