Filed 10/9/24 Laszloffy v. City of Big Bear Lake CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JOHN LASZLOFFY, | |
| Plaintiff and Appellant, | E081763 |
| v. | (Super.Ct.No. CIVSB2119128) |
| CITY OF BIG BEAR LAKE et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Khymberli S. Y. Apaloo, Judge.  Affirmed.

John Laszloffy, in pro. per., for Plaintiff and Appellant.

Best Best & Krieger, Scott W. Ditfurth, Andrew G. Saghian and Kara L. Coronado for Defendants and Respondents.

1

## I. INTRODUCTION

Plaintiff and appellant John Laszloffy (petitioner) filed a petition for writ of mandate asserting ten causes of action against defendants and respondents City of Big Bear Lake and City Council for City of Big Bear Lake (collectively the City). The prayer for relief as to each cause of action sought a writ directing the City to take action to improve and maintain a street commonly known as Switzerland Drive. The trial court entered judgment in favor of the City after sustaining two demurrers which, collectively, disposed of all causes of action asserted by petitioner. Petitioner appeals, arguing the trial court erred in sustaining the demurrers to his petitions. Upon our independent review of the allegations asserted in the petitions, we find no error and affirm the judgment.

## II. BACKGROUND

A. *Amended Petition and Initial Demurrer*

On July 8, 2021, petitioner filed a petition for writ of mandate against the City. On August 30, 2021, petitioner filed an amended petition. According to the amended petition, petitioner is a resident living on a street commonly known as Switzerland Drive, located within the geographical boundaries of the City. Switzerland Drive is located on property owned by a private corporation, Big Bear Properties, Inc., and petitioner has lived in a residence located on Switzerland Drive since 1960.

According to the petition, Big Bear Properties, Inc. granted the County of San Bernardino (the County) an easement over its property "for highway and road purposes" in 1974. Petitioner attached a copy of the grant deed indicating that the conveyance had

2

been accepted by the County and a copy of a recorded surveyor's certificate showing that the easement referred to Switzerland Drive. At the time, Switzerland Drive was a dirt road connecting two ski resorts, and the County never made improvements to the dirt road. In 1980, the City incorporated and adopted Resolution 80-4. Petitioner attached a copy of Resolution 80-4, which states that "the San Bernardino County Select System of Streets lying within the incorporated limits of [the City] be accepted as the Select System of Streets of [the City]." The petition alleges that the grant deed conveying an easement to the County and Resolution 80-4 created a binding contract, and the County and City "failed to fulfill any part of their contractual obligations." The petition also alleged that sometime in "the late 1980's or early 1990," the City paved Switzerland Drive by dumping cold, ground-up asphalt onto the dirt road. However, this asphalt pavement did not meet highway and street specifications set by the County, City, or local fire authority.

Based upon these allegations, petitioner purported to state 10 causes of action: (1) "Breach of Contract in General"; (2) "Breach of Contract for Failure of Consideration or Failure to Perform"; (3) "Breach of Implied Covenant of Good Faith and Fair Dealing"; (4) "Public Entity Liability; Dangerous Condition of Public Property"; (5) "Public Nuisance"; (6) "Fraud"; (7) "Negligent Misrepresentation"; (8) "Public Entity Liability; Acts and Omissions of Employees"; (9) "City's Failure to Follow Their Own Circulation Plan"; and (10) "Big Bear Fire Authority Ordinance." However, the relief requested pursuant to each cause of action was a writ of mandate directing the City to "comply" with its contractual obligations by improving Switzerland Drive, such that it

3

meets the standards identified in the Streets and Highway Code, the City's circulation plan, and local fire authority ordinances.

On December 8, 2021, the City demurred to each cause of action stated in the amended petition. On March 23, 2022, the trial court sustained the demurrer with respect to each cause of action but granted petitioner leave to amend the fifth cause of action for public nuisance.

B. *Second Amended Petition and Second Demurrer*

On August 30, 2022, petitioner filed a second amended petition. According to the second amended petition, the City placed cold asphalt grindings on Switzerland Drive in 1989. Petitioner alleged that such an act was "flagrantly unlawful" if the City had never accepted Switzerland Drive as a city street. Additionally, petitioner alleged that this placement of asphalt failed to comply with any applicable state or local paving standards. Over time, the asphalt grindings have broken up, creating various potholes, and the City has refused to abate the condition, despite numerous complaints by petitioner and others. Petitioner alleged he has been specially damaged by the City's placement of ground asphalt on Switzerland Drive because "[t]he general public has other streets they can drive or use, [but] [petitioner] does not have this choice or option."

On September 30, 2022, the City filed a demurrer to the second amended petition. On January 11, 2023, the trial court sustained the demurrer, without leave to amend. On June 1, 2023, judgment was entered in favor of the City, and petitioner appeals from the judgment.

4

## III. DISCUSSION

A. *General Legal Principles and Standard of Review*

"We apply two standards of review on appeal from a judgment of dismissal after a demurrer is sustained without leave to amend." (*Morris v. JPMorgan Chase Bank*, *N.A.* (2022) 78 Cal.App.5th 279, 292.) "First, we review the operative complaint 'de novo to determine whether the complaint alleges facts sufficient to state a cause of action under any legal theory . . . .' We give the complaint a reasonable interpretation and treat the demurrer as admitting all material facts properly pleaded that are not inconsistent with other allegations, exhibits, or judicially noticed facts. [Citations.] We need not accept as true, however, deductions, contentions or conclusions of law or fact." (*Ibid.*) "Second, we determine 'whether the trial court abused its discretion by sustaining the demurrer without leave to amend.' [citation] Abuse of discretion is established when ' "there is a reasonable possibility the plaintiff can cure the defect with an amendment." ' " (*Ibid.*) This same standard of review applies to a judgment following demurrer to a petition for writ of mandate. (*Monterey Coastkeeper v. California Regional Water Quality Control Bd., etc.* (2022) 76 Cal.App.5th 12-13, 23 [applying same two standards of review in context of petition for writ of mandate].)

We proceed to consider each cause of action alleged in the petitions and, as we explain below, conclude based upon our independent review of the petitions that the trial court did not err in concluding that petitioner failed to state facts sufficient to constitute a viable cause of action.

5

B.  *The Petition Failed To State Facts Sufficient To Constitute Viable Causes of Action*

    1.  <u>Mandate</u>

We first address petitioner's request for a writ of mandate.  Petitioner's ninth cause of action is entitled "City's Failure to Follow Their Own Circulation Plan" and tenth cause of action is entitled "Big Bear Fire Authority Ordinance."  However, as a general rule, the violation of a statute or local ordinance does not give rise to a private cause of action.  (*Noe v. Superior Court* (2015) 237 Cal.App.4th 316, 336 [" 'A violation of a state statute does not necessarily give rise to a private cause of action.' "]; *Mendez v. Rancho Valencia Resort Partners*, *LLC* (2016) 3 Cal.App.5th 248, 268-269 [citing cases detailing that violations of local ordinances do not give rise to private right of action].)  Thus, we liberally construe these causes of action as part of petitioner's request for a writ of mandate directing the City to improve or maintain Switzerland Drive to meet specified standards,[1] which is also the primary prayer for relief requested in each of petitioner's other causes of action.

"A writ of ordinary mandate is available 'to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . . .' [Citation.]  ' "Two basic requirements are essential to the issuance of the writ:  (1) a clear, present and usually ministerial duty upon the part of the respondent; [citations] and (2) a clear, present and beneficial right in the petitioner to the performance of that duty

---

    [1]  On appeal, "[w]e are not limited to plaintiffs' theory of recovery in testing the sufficiency of their complaint against a demurrer, but instead must determine if the *factual* allegations of the complaint are adequate to state a cause of action under any legal theory."  (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 38.)

[citations]." ' " (*In re Dohner* (2022) 79 Cal.App.5th 590, 597.) A petition must allege facts sufficient to show both elements "[t]o adequately state a claim for issuance of a writ of mandate . . . ." (*HNHPC, Inc. v. Department of Cannabis Control* (2023) 94 Cal.App.5th 60, 69.)

In this case, petitioner seeks a writ of mandate to compel the City to make improvements and perform maintenance work to bring Switzerland Drive up to the standards identified in the *Streets and Highways Code*,[2] the City's circulation plan, and local fire authority ordinances. On appeal, the City contends that the petition fails to allege a ministerial duty because the Streets and Highways Code provides that "[n]o city shall be held liable for failure to maintain any road until it has been accepted into the city street system" (§ 1806, subd. (a)), and the allegations of the petition fail to allege the City accepted Switzerland Drive into its select system of streets. In response, petitioner contends that the City's adoption of a formal resolution accepting the County's select system of streets as its own constitutes acceptance of Switzerland Drive as a city street. We find it unnecessary to resolve this dispute because we conclude that the cause of action for mandamus must fail for a more basic reason.

Even assuming, without deciding, that petitioner sufficiently pled facts to show that Switzerland Drive had been accepted into the City's system of streets, this does not show the City held a ministerial duty to perform any act related to the improvement or maintenance of Switzerland Drive. " 'A ministerial duty is an obligation to perform a

---

[2] Undesignated statutory references are to the Streets & Highways Code.

7

specific act in a manner prescribed by law whenever a given state of facts exists, without regard to any personal judgment as to the propriety of the act.' " (*International Brotherhood of Teamsters*, *Local 848 v. City of Monterey Park* (2019) 30 Cal.App.5th 1105, 1111.) " ' "[T]he enactment at issue [must] be *obligatory*, rather than merely discretionary or permissive, in its directions to the public entity; it must *require*, rather than merely authorize or permit, that a particular action be taken or not taken." ' " (*In re Dohner*, *supra*, 79 Cal.App.5th at p. 599.) Where the nature of an act involves the exercise of discretion, it is not ministerial and a writ of mandate cannot issue to compel the exercise of discretion in any particular manner. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 596 [" 'Mandate will not issue to compel action unless it is shown the duty to do the thing asked for is plain and *unmixed with discretionary power or the exercise of judgment*.' "]; *Collins v. Thurmond* (2019) 41 Cal.App.5th 879, 914 [" ' "[T]he writ will not lie to control discretion conferred upon a public officer or agency." ' "]; *Los Angeles Waterkeeper v. State Water Resources Control Bd.* (2023) 92 Cal.App.5th 230, 266 ["[W]hen the law imposes a duty but does not direct how that duty should be carried out, mandamus 'may not issue to compel an agency to perform that legal duty in a particular manner, or control its exercise of discretion by forcing it to meet its legal obligations in a specific way.' "].)

Under section 989, "[u]pon incorporation of a city . . . all right, title, and interest of the county . . . in and to any county highway within the territory involved, which had been accepted into the county road system . . . shall vest in the city and shall thereupon constitute a city street." (§ 989, subd. (a)(1).) However, the city's acceptance of a street

in this manner does not "require[e] a city to improve the affected road or highway to city standards." (*Id.* at subd. (c).) More importantly, the Streets and Highways Code expressly provides that the manner in which a public street is to be maintained constitutes an act of discretion. The term " 'maintenance' " is defined in section 27, which provides that: "[t]he degree and type of maintenance for each highway, or portion thereof, shall be determined in the discretion of the authorities charged with the maintenance thereof, taking into consideration traffic requirements and moneys available therefor." (*Id.* at subd. (c).)

Thus, even assuming that petitioner adequately alleged that Switzerland Drive had been accepted into the City's street system, the manner in which a city street is to be improved or maintained unquestionably involves an exercise of discretion and is not the proper subject of a writ of mandate. Because a writ of mandate cannot issue directing the City to act in the manner urged by petitioner, the petition fails to allege the existence of a ministerial duty, and the trial court did not err in sustaining a demurrer to these causes of action.

2. Breach of Contract Causes of Action

The first, second, and third causes of action are entitled "Breach of Contract in General," "Breach of Contract for Failure of Consideration or Failure to Perform," and "Breach of Implied Covenant of Good Faith and Fair Dealing," but they essentially all seek specific performance of a purported contract obligating the City to improve or maintain Switzerland Drive. We conclude that the petition fails to allege sufficient facts to show the existence of a contract.

9

Specific performance is simply an alternative remedy for breach of contract (*Rogers v. Davis* (1994) 28 Cal.App.4th 1215, 1218, fn. 2), and "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff" (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821). While a plaintiff is not required to attach or to set out verbatim the terms of a contract in order to state a cause of action (*Miles v. Deutsche Bank National Trust Co.* (2015) 236 Cal.App.4th 394, 402), "[w]hen a plaintiff attaches a written agreement to his complaint, and incorporates it by reference into his cause of action, the terms of that written agreement take precedence over any contradictory allegations in the body of the complaint[;] '[i]f facts appearing in the exhibits contradict those alleged, the facts in the exhibits take precedence' " (*Kim v. Westmoore Partners*, *Inc.* (2011) 201 Cal.App.4th 267, 282; *Piedmont Capital Management*, *L.L.C. v. McElfish* (2023) 94 Cal.App.5th 961, 967 [Facts appearing in attached exhibits are given precedence when they contradict the allegations in the body of a pleading.]).

In this case, petitioner alleged that the City was under a contractual duty to "brin[g] Switzerland Drive up to County Highway and Road standards." However, petitioner attached a grant deed as an exhibit to the petition, expressly incorporated this document by reference, and expressly alleged that this document constituted the contract upon which his claim was premised. Thus, we look to the attached exhibit to determine if the document, in fact, evidences the existence of a contract.

10

On its face, the grant deed provides only that Big Bear Properties, Inc. has conveyed an easement for "highway and road purposes" to the County and that the County accepted such conveyance. Nothing in this document suggests that the County agreed to undertake any obligation to improve or maintain the road referenced in this conveyance. Nor can such an obligation be read into the document based upon its reference to "highway and road purposes." While a county has a general duty to maintain county highways (§ 941, subd. (a)), "[t]he acceptance of any road or the acceptance of any road subject to improvements . . . does not constitute the acceptance of the road into the county road system in the absence of the adoption of a resolution by the board of supervisors accepting the road into the county road system." (§ 941, subd. (c); *City of Anaheim v. Metropolitan Water Dist. Of Southern Cal.* (1978) 82 Cal.app.3d 763, 770 [The conveyance of an easement for street purposes does not create a public street until the county adopts a resolution accepting the property in question for public highway use.]; *Coppinger v. Rawlins* (2015) 239 Cal.App.4th 608, 614 ["[A]n offer of dedication of land for use as a public road—without more—will *not* be included in the county-maintained road system, because additional action is necessary to achieve that end. Acceptance by the user does not mean the road becomes a county highway."].)

Thus, the document upon which petitioner relies does not show the existence of a contract in which the County undertook any obligation to perform any work related to Switzerland Drive. Absent the existence of a contract obligating the County to undertake improvements or maintenance of Switzerland Drive, the City could not have inherited such contractual obligation from the County, regardless of the words used in the City's

11

resolution adopting County streets as its own. Because we conclude that the allegations of the petition failed to state facts showing the existence of a contract, the trial court did not err in sustaining the demurrer to the contract causes of action.

3. Tort Causes of Action

The fourth cause of action for "Public Entity Liability; Dangerous Condition of Public Property" and eighth cause of action for "Public Entity Liability; Acts and Omissions of Employees" are expressly based upon Government Code sections 835 and 815.2, respectively. We conclude that petitioner has failed to allege a compensable injury within the meaning of these statutes.

Government Code section 835 provides that "a public entity is liable for injury caused by a dangerous condition of its property," and Government Code section 815.2 provides that "a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee . . . ." (Gov. Code, §§ 835, 815.2, subd. (a).) However, both of these provisions are found in Division 3.6 of the Government Code (Government Claims Act), which "is a comprehensive statutory scheme governing the liabilities and immunities of public entities and public employees for torts." (*Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 803.) For purposes of these statutes, the term "injury" refers to "death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, of such nature that it would be actionable if inflicted by a private person." (Gov. Code,

12

§ 810.8.) And the alleged failure to carry out a statutory duty is not the type of injury compensable under these statutes because such an injury "is one which by its very nature could not exist in an action between private persons." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 968; *Forbes v. County of San Bernardino* (2002) 101 Cal.App.4th 48, 55.)

Here, the petitions did not allege that petitioner suffered an injury to his person or property as the result of the City's alleged failure to improve or maintain Switzerland Drive. Notably, petitioner's prayer for relief does not seek monetary compensation for damages as the result of any act or omission by the City. In the absence of an alleged injury that would have been compensable if inflicted by a private person, the petition fails to allege a viable cause of action under the Government Claims Act, and the trial court did not err in sustaining the demurrer to these causes of action.

4. Fraud and Misrepresentation Causes of Action

Petitioner's fifth and sixth causes of action are for fraud and negligent misrepresentation, respectively. We conclude that petitioner has not alleged actual reliance or resulting damages sufficient to state a cause of action under these theories of liability.

The essential elements of a cause of action for fraud are "(1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage. [Citations.] The essential elements of a [claim] for negligent misrepresentation are the same except that it does not require knowledge of falsity but instead requires a misrepresentation of fact by a person who has no reasonable grounds

13

for believing it to be true." (*Chapman v. Skype Inc.* (2013) 220 Cal.App.4th 217, 230-231; *Hooked Media Group*, *Inc. v. Apple Inc.* (2020) 55 Cal.App.5th 323, 330.) For purposes of a fraud or negligent misrepresentation claim, "[r]eliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction." (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1239; *Beckwith v. Dahl* (2012) 205 Cal.App.4th 1039, 1062 ["[T]he plaintiff's actual and justifiable reliance on the defendant's misrepresentation must have caused him to take a detrimental course of action."].) Additionally, the damages element requires a plaintiff to allege facts to show "how the actions he or she took in reliance on the defendant's misrepresentations caused the alleged damages. [¶] . . . [N]o liability attaches if the damages sustained were otherwise inevitable or due to *unrelated causes*." (*Rossberg v. Bank of America*, *N.A.* (2013) 219 Cal.App.4th 1481, 1499; *Beckwith*, at p. 1062 ["[T]he detrimental action taken by the plaintiff must have caused his alleged damage."].)

In this case, we find no allegations to support the essential elements of reliance or resulting damage. The petition alleges that petitioner has lived in a residence located on Switzerland Drive since 1960, years prior to the time Big Bear Properties, Inc. granted an easement to the County in 1974. As we have already noted, the petition does not allege that petitioner is entitled to any compensatory damages as the result of any injury to his person or property. Nor does the petition allege that petitioner entered into any contracts

14

as the result of a representation made in relation to the grant of an easement to the County. Thus, even assuming the County or the City accepted Switzerland Drive into their street systems and, even assuming that such an act can be construed as a promise to improve or maintain Switzerland Drive, the petition contains no allegations to suggest that petitioner relied on this promise to take any specific act or omission to his detriment. Absent reliance and resulting damages, the petition has not stated causes of action for fraud or negligent misrepresentation, and the trial court did not err in sustaining the demurrer to these causes of action.

5. Public Nuisance Cause of Action

The fifth cause of action is a claim for public nuisance, which the trial court permitted petitioner to amend on at least one occasion before sustaining a second demurrer to the cause of action. We conclude that the petition shows on its face that this claim is barred by the applicable statute of limitations.

" ' "The public nuisance doctrine is aimed at the protection and redress of *community* interests and, at least in theory, embodies a kind of collective ideal of civil life which the courts have vindicated by equitable remedies . . . . To qualify, and thus be enjoinable, the interference [with collective social interests] must be both *substantial* and *unreasonable* . . . ." ' " (*Hacala v. Bird Rides*, *Inc.* (2023) 90 Cal.App.5th 292, 324.) The Civil Code provides that a "nuisance" can be "[a]nything which is injurious to health . . . or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any . . . street, or highway . . . ." (Civ. Code, § 3479.) To

15

constitute a public nuisance, the nuisance must "affect[t] at the same time an entire community or neighborhood . . . , although the extent of the annoyance or damage inflicted upon individuals may be unequal." (Civ. Code, § 3480.)

On appeal, the City argues that it is immunized from any public nuisance claim because "[n]othing which is done or maintained under the express authority of a statute can be deemed a nuisance." (Civ. Code, § 3482.) We need not address this claim[3] because we agree with the City's alternative argument that petitioner's public nuisance cause of action is barred by the statute of limitations.

Generally, a public nuisance claim can be brought by a public entity or a private person. (Civ. Code, §§ 3491-3493.) However, only those private individuals who have suffered special injury have standing to bring such a claim. (Civ. Code, § 3493.) "While there is no statute of limitations in an action brought by a public entity to abate a public nuisance, there is a three-year statute of limitations in a nuisance action brought by a private party." (*Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1216; *Mangini v. Aerojet-General Corp.* (1991) 230 Cal.App.3d 1125, 1142-1143 (*Mangini*); Civ. Code, § 3940; Code Civ. Proc., § 338, subd. (b).)

"[W]here *private citizens* have sued for *damages for special injury* based on public nuisance, our Supreme Court has characterized the nuisance as either 'continuing' or

---

**3** We do observe, however, that this argument appears to stand in tension with the City's simultaneous claim that the petition does not state facts sufficient to show Switzerland Drive was a city street. We are not aware of, and the City has not directed our attention to, a statute that provides express authority for the City to unilaterally conduct construction, operation and maintenance of streets which are not public streets.

'permanent' and has used the characterization to determine whether the suit is subject to the statute of limitations." (*Mangini, supra*, 230 Cal.App.3d at pp. 1142-1143.) "[P]ermanent nuisances are of a type where ' "by one act a permanent injury is done, [and] damages are assessed once for all." ' [Citations] The cases finding the nuisance complained of to be unquestionably permanent in nature have involved solid structures," including the "regrade of a street." (*Baker v. Burbank-Glendale-Pasadena Airport Authority* (1985) 39 Cal.3d 862, 868-869.) And "[i]n such cases, plaintiffs ordinarily are required to bring one action for all past, present and future damage within three years after the permanent nuisance is erected." (*Ibid.*) "On the other hand, if a nuisance is a use which may be discontinued at any time, it is considered continuing in character and persons harmed by it may bring successive actions for damages until the nuisance is abated. . . . . [¶] The classic example of a continuing nuisance is an ongoing or repeated disturbance, . . . caused by noise, vibration or foul odor." (*Id.* at p. 869.)

In this case, the petition alleges that the City created a public nuisance by laying down asphalt on Switzerland Drive on a single occasion sometime in 1989 or 1990. In our view, this alleged nuisance is comparable to the regrading of a street, which our Supreme Court described as an example of a permanent nuisance in *Baker*. Thus, even assuming the physical placement of asphalt on Switzerland Drive by the City constituted a nuisance, the statute of limitations has long passed for a private individual to bring a public nuisance claim for this singular act by the City. "A complaint does not state facts sufficient to constitute a cause of action when it shows, on its face, that the cause of action is barred by the applicable statute of limitations" (*Piedmont Capital Management*,

17

*L.L.C. v. McElfish* (2023) 94 Cal.App.5th 961, 967) and, in such cases, " '[a] demurrer is properly sustained without leave to amend . . . .' " (*Jane Doe #21 (S.H) v. CFR Enterprises, Inc.* (2023) 93 Cal.App.5th 1199, 1207).

   6. <u>We Decline to Address Other Grounds for Demurrer Raised by the Parties</u>

  Finally, we observe that the trial court issued extensive written rulings sustaining the City's demurrers on multiple, independent grounds; and the parties have directed arguments toward multiple grounds in their appellate briefs. However, on review of a judgment following the sustaining of a demurrer, " ' "[w]e affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons." ' " (*K.M. v. Grossmont Union High School Dist.* (2022) 84 Cal.App.5th 717, 751; *E.L. White, Inc. v. Huntington Beach* (1978) 21 Cal.3d 497, 504 ["A judgment of dismissal entered after the trial court has sustained a demurrer without leave to amend will be affirmed on appeal if any of the grounds stated in the demurrer is well taken."].) As we have already explained, our independent review of the petitions has led us to conclude that the trial court did not err in sustaining the demurrer with respect to each cause of action. Having reached this conclusion, we need not address every potential ground set forth in the demurrer and the parties' appellate briefs, and we decline to do so.

C. *Petitioner Has Not Met His Burden To Show an Abuse of Discretion in the Denial of the Leave to Amend*

  We also briefly address the issue of the trial court's denial of leave to amend. Whether petitioner intended to challenge this aspect of the trial court's rulings on appeal is unclear from the opening brief. However, to the extent that petitioner is claiming the

18

trial court erred in failing to grant further leave to amend, we conclude that petitioner has failed to meet his burden to show that the trial court abused its discretion.

On appeal, petitioner bears the burden to establish an abuse of discretion by showing there is a reasonable possibility that any defect can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Placer Foreclosure*, *Inc. v. Aflalo* (2018) 23 Cal.App.5th 1109, 1117.) " 'If the plaintiff does not proffer a proposed amendment, and does not advance on appeal any proposed allegations that will cure the defect or otherwise state a claim, the burden of proof has not been satisfied.' " (*Placer*, at p. 1117; *Eghtesad v. State Farm General Ins. Co.* (2020) 51 Cal.App.5th 406, 411 ["Ordinarily, an appellant who seeks leave to amend attempts to show that the trial court's denial of leave to amend was error by showing on appeal what facts could be pleaded to cure defects in the complaint and how they state a cause of action."].)

Here, petitioner has not proffered any proposed amended allegations for our review and has not suggested what facts might be included in an amended petition to cure the defects in his petition. Thus, even if petitioner had intended to challenge this aspect of the trial court's orders on appeal, we conclude petitioner has failed to meet his burden to show an abuse of discretion warranting reversal.

## IV.  DISPOSITION

The judgment is affirmed.  Respondents to recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____

J.

We concur:

McKINSTER_____

Acting P. J.

RAPHAEL_____

J.